# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* A.L.

No. 17-0752 (Wood County 16-JA-129)

FILED

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.B., by counsel Jessica E. Meyers, appeals the Circuit Court of Wood County's July 26, 2017, order terminating her parental rights to A.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Debra L. Steed, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights when less-restrictive alternatives existed and in finding there was no reasonable likelihood that she could correct the conditions of abuse and neglect in the near future.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the DHHR filed an abuse and neglect petition against petitioner. The DHHR alleged that petitioner abused controlled substances, including but not limited to, heroin, throughout her pregnancy with A.L. The DHHR further alleged that petitioner had previously had her parental rights to three older children involuntarily terminated in 2010, noting that she was "granted two improvement periods . . . and has had the opportunity to participate in services for over two years; however, she continue[d] to abuse controlled substances . . . ."

The circuit court held an adjudicatory hearing in October of 2016, during which petitioner stipulated that she abused and neglected A.L. by using heroin and other controlled substances during her pregnancy and admitted that her parental rights to three older children were involuntarily terminated in 2010 due to her failure to remedy her substance abuse issues. The circuit court accepted the stipulation and granted petitioner a post-adjudicatory improvement

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

period. Petitioner initially complied with the terms of her improvement period and completed a twenty-eight-day inpatient-treatment program. However, shortly after her discharge petitioner relapsed. She sought treatment with Vivitrol shots and then entered a sober living facility, but left after only one month. Petitioner continued to drug screen, but failed to screen or tested "dilute" at least five times throughout her improvement period, and also missed several classes.

In May of 2017, petitioner underwent a parental fitness evaluation. The evaluating psychologist noted that petitioner was defensive throughout the assessment process and failed to accept responsibility for the current proceedings, stating that she did not believe the child was withdrawing from opiates at the time of her birth. The psychologist stated that petitioner was resistant to authority and her prognosis for change was poor. Further, petitioner had been unable to rectify her substance abuse since the prior involuntary termination of her parental rights and continued to engage in the same behavior despite extensive incarceration. Moreover, the psychologist recommended that the circuit court give serious consideration to terminating petitioner's parental rights as no consistent lifestyle change was likely due to her behavior and clinical assessment.

In August of 2017, the circuit court held a dispositional hearing. Petitioner failed to attend but was represented by counsel. The DHHR represented that it had not heard from petitioner for several months, she had not been compliant with services or drug screens, and her address was unknown. Ultimately, the circuit court found that petitioner's parental rights to three older children were involuntarily terminated in 2010 due to her abuse of controlled substances, she continued to abuse controlled substances throughout her pregnancy with A.L., and she had not participated in her post-adjudicatory improvement period. As such, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future because she was not participating in services offered and continued to abuse controlled substances and found that termination was necessary for the child's welfare. It is from this July 26, 2017, dispositional order terminating her parental rights that petitioner appeals.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[2]Additionally, the father voluntarily relinquished his parental rights to the child. The permanency plan for the child is adoption with her foster family.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that she could correct the conditions of abuse and neglect. We disagree. Pursuant to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected include one in which

[t]he abusing parent or parents have habitually abused or are addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning[.]

The record demonstrates that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect. While petitioner argues that she was initially compliant with the terms of her improvement period and simply needed more time to work on her substance abuse issues, the record indicates that petitioner was granted substantial time and resources yet failed to follow through with the recommended treatment. Throughout the underlying proceedings, petitioner failed to successfully complete a drug rehabilitation program without subsequently relapsing. Petitioner completed a twenty-eight day rehabilitation program but relapsed shortly thereafter, and during that period, she failed to drug screen and missed several classes. Petitioner next attempted to enter a sober living facility, but only completed one month before she left the program and moved in with her mother, who the evaluating psychologist described as an enabler of her drug addiction. Towards the end of her improvement period, she did not participate in random drug screens as ordered by the circuit court, nor did she visit with her child.

Moreover, petitioner has had her parental rights to three older children involuntarily terminated for similar reasons. Petitioner was arrested and charged with a drug-related offense in 2009, for which she was incarcerated for four years. Despite knowing the gravity of the circumstances, petitioner continued to abuse controlled substances after she lost her parental rights to her three older children and subsequently gave birth to drug-affected A.L. Petitioner's argument that she would participate in a plan to address her substance abuse is unpersuasive as petitioner was granted two years of services during her prior proceedings and nearly nine months of services during the instant proceedings, yet failed to make any lasting changes in her behavior or follow through with treatment. Accordingly, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future.

Petitioner next argues that the circuit court erred in terminating her parental rights when less-restrictive alternatives existed. Petitioner's argument is without merit. West Virginia Code §

49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. As set forth above, we agree with the circuit court's finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse. This is petitioner's second time participating in abuse and neglect proceedings due to her drug abuse. Knowing that her parental rights had previously been terminated on similar bases, petitioner failed to follow through with any treatment program or the services provided by the DHHR. While petitioner argues that her parental rights should not have been terminated when less-restrictive alternatives existed, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Based on the evidence outlined above, we find no error in the circuit court's decision terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 26, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: February 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker